KENDALL, Appellee,

v.

STATE COUNSELOR AND SOCIAL WORKER BOARD, Appellant.

[Cite as *Kendall v. Ohio State Counselor & Social Worker Bd.* (1992), 81 Ohio App.3d 638.]

Court of Appeals of Ohio,
Ashtabula County.

No. 91–A–1674.

Decided July 2, 1992.

*William P. Bobulsky,* for appellee.

*Lee I. Fisher,* Attorney General, and *Ava W. Serrano,* Assistant Attorney General, for appellant.

NADER, Judge.

This appeal, which has been placed upon the court's accelerated calendar, is from the decision of the Ashtabula County Court of Common Pleas reversing the ruling of appellant, Ohio State Counselor and Social Worker Board ("board").

Appellee, Christine M. Kendall, appealed to the court of common pleas, pursuant to R.C. Chapter 119, from the decision of the board denying appellee's request for a social worker license. Appellee was before the board upon her request for a hearing and her objections to the report and recommendation of the hearing officer. The hearing officer made the finding, among others, that appellee filed her social worker licensure application on December 5, 1986. This finding was not objected to by appellee, nor was it assigned as error in the court of common pleas.

The appeal to the common pleas court argued seven assignments of error, and the court found four to be without merit, ignored one as it was not briefed by appellee, and found two to have merit. The common pleas court held that the board improperly failed to apply the "grandfather clause" of R.C. 4757.09 to appellee and, as a result, the decision of the board was against the manifest weight of the evidence. It is from this decision that the board now appeals, raising three assignments of error that all address the same alleged error, the improper application of the grandfather clause to appellee.

Appellee was employed by the Ashtabula County Children Services Board as a social worker from September 1976 to July 1984. Before the hearing officer, appellee testified that she left the board to give birth and raise her child from July 1984 until September 1985. While no evidence was presented that she was pregnant when she initiated her extended absence or that her

employer authorized her absence, the trial court characterized it as maternity leave.

The trial court then determined that, if it were not for her leave of absence, appellee would have been "engaged in social work in this state" and fallen within the grandfather clause of Am.Sub.H.B. No. 205, Sections 4(A) and (B). Sections 4(A) and (B) in their entirety state:

"The examination requirement of divisions (A) and (B) of section 4757.09 of the Revised Code does not apply to any person who, within one year after the effective date of this act, applies for licensure as a social worker or independent social worker and does not apply to that person when he applies for a renewal of his license as a social worker or independent social worker."

"The education requirement of division (A) of section 4757.09 of the Revised Code does not apply to any person who, within one year after the effective date of this act, applies for licensure as a social worker if that person was, on the effective date of Sections 1 and 2 of this act, engaged in social work in this state and does not apply to that person when he applies for a renewal of his license as a social worker."

The Ohio Administrative Code sets forth separate licensing schemes: one for those applicants who filed their applications on or before October 10, 1985, and one for those who filed their applications after October 10, 1985. The reason for the separate schemes is the prepositional phrase "within one year after the effective date of this act" contained in both Sections 4(A) and (B) of the grandfather clause.

The hearing officer found that the application was filed on December 5, 1986. Even if the trial court properly found that appellee was "engaged in social work" on the effective date, based on her maternity leave of absence, the grandfather clause does not apply. Although appellee returned to work in September 1985, a month prior to the October 10, 1985 deadline, she did not file her application until December 5, 1986. In order to avail herself of the grandfather clause she was required to file her application within one year of the effective date, October 10, 1984. When October 10, 1985 passed without an application being filed by appellee, she lost any ability to take advantage of the grandfather clause, irrespective of any allegation that she was misinformed by "someone" that she was not eligible for grandfathering.

Accordingly, the court of common pleas erred in determining the board should have applied the grandfather clause to appellee, and, therefore, appellant's assignments of error are with merit. The trial court determined the remaining issues raised in the appeal from the board's decision were without merit, except the manifest weight allegation, which it found with merit solely upon its misapplication of the grandfather clause. Accordingly, the decision

of the trial court is reversed and judgment is hereby entered for appellant. The costs of this appeal are to be assessed to appellee.

*Judgment accordingly.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.